**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DWM INTERNATIONAL, INC., doing business as SOCIETY AWARDS, INC., ) ) ) | |
| Plaintiff, ) ) | Case No. 24-cv-02758 |
| v. ) ) | Judge Joan H. Lefkow |
| CRISTAUX, INC., ) ) ) | |
| Defendant. ) | |

**OPINION AND ORDER**

DWM International, Inc. ("DWM"), which does business as Society Awards, Inc., and Cristaux Inc. ("Cristaux") are both in the business of designing and producing custom awards and trophies. DWM alleges Cristaux misappropriated DWM's design work and made false representations on its website that caused consumer confusion as well as lost sales and customers in violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 Ill. Comp. Stat. 510/2(a) (Count I), and the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (Count II).[1] Cristaux moves to dismiss DWM's Verified Second Amended Complaint under Fed. R. Civ. P. 12(b)(6). For the reasons below, Cristaux's motion is denied.

---

[1] This court has subject matter jurisdiction under 15 U.S.C. § 1125(a)(1)(b) and 28 U.S.C. § 1367(a). It has supplemental jurisdiction over the state law claim pursuant to § 1367(a), and venue is proper under § 1391(b).

1

## BACKGROUND[2]

DWM has been in the business of designing and creating "high-end" recognition products, including awards and trophies for more than twelve years. Cristaux is one of DWM's competitors in the industry.

DWM alleges that Cristaux is taking credit for DWM's redesign of the Consumer Electronics Show's Exhibitor Award ("CES Exhibitor Award").[3] In 2011, DWM discussed redesigning the award with CES and was then hired to be the sole designer and manufacturer of a modified CES Exhibitor Award. DWM redesigned the original conical-shaped award by "flattening one side of the award to allow for easier laser etching and engraving of personalized information for the award recipient." (Dkt. 22 ¶¶ 45.) DWM published its work on the modified CES Exhibitor Award on its website in 2012.

At some later time, Cristaux also posted about its purported work modifying the CES Exhibitor Award on its website. On information and belief, DWM alleges Cristaux's website included the following posting about the award:

---

[2] The facts are taken from the well-pleaded allegations in the Verified Second Amended Complaint and are presumed to be true for the purpose of resolving the pending motion to dismiss. *See Taha* v. *Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020).

[3] In the Verified Second Amended Complaint, DWM alleges that Cristaux misappropriated the work of other competitors in the industry but has not identified them or named them as parties in this litigation. (*See*, *e.g.*, Dkt. 22 ¶¶ 18-28.) The court does not consider these allegations for the purposes of resolving this motion, as they are unrelated to DWM's claims against Cristaux.

DWM additionally includes underdeveloped allegations related to Cristaux's alleged custom bottling division and work for DWM's clients, Milly and Univision. The court assumes that these allegations merely provide context for what DWM fashions as Cristaux's alleged "History of Deception." (*See*, *e.g.*, Dkt. 22 at 3; ¶¶ 33-35; Ex. B; Ex. C.) To the extent DWM attempts to allege claims based upon these allegations, DWM has no standing to do so because it has not clearly alleged any resulting injury. *See Lexmark Int'l, Inc.* v. *Static Control Components, Inc.*, 572 U.S. 118, 140 (2014) ("To invoke the Lanham Act's claim for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations.") If DWM intends to base its Lanham Act or IUDTPA claims upon these separate allegations, it can replead its claims in a further amended complaint.

> The Exhibitor team came to Cristaux, wanting to reinvent their Exhibit Design Awards. They were unsatisfied with their vendor. Over time, the recipients' information would chip away from their cone-shaped awards. Exhibitor needed a team like ours to rework these pieces to last.
>
> As Cristaux, we knew printed personalization would not last on a curved surface. As a result, we cut off the front of the cone to create a flat face for personal details. We used the same material and shape to maintain the award's earlier design. With this small change, the client's full vision was finally achieved. We modernized their recognition program and ended their past problems.

(Dkt. 22 ¶ 39).

DWM says Cristaux changed the language on its website after the complaint was filed to the following:

> The Exhibitor team came to Cristaux, wanting to perfect their Exhibit Design Awards. Originally, they had developed an iconic cone-shaped award, but it had issues. Over time, the recipients' information would chip away. They had already made some initial changes to address the problem, but they were unsatisfied with their vendor. Exhibitor needed a team like ours to rework these pieces to last.
>
> At Cristaux, we knew printed personalization would not last on a completely curved surface, so going back to the original, completely conical version was not an option. Instead, we refined the triangular face to accommodate more room for personalization while maintaining the same material and overall shape to stay true to the award's familiar design. We also eliminated an acrylic base and small hole that had been present in a prior version, to give a sense of weight and solidity to the award. With these small changes, the client's full vision was finally achieved. We modernized their recognition program and ended their past problems.

(Dkt. 22 ¶ 38, Ex. D.)

DWM characterizes these statements as false and misleading. It says Cristaux was never involved with any work on the modified CES Exhibitor Award and is taking "credit for work actually performed by [DWM]." (*Id. ¶ 46.*) DWM alleges Cristaux engaged in false advertising in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and the IUDTPA, 815 Ill. Comp. Stat. 510/2(a)(1)-(3). Cristaux has moved to dismiss both claims, arguing that DWM failed to state a claim with particularity as required by Fed. R. Civ. P. 9(b).

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P.12(b)(6). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). A complaint cannot merely provide "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Kaminski* v. *Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (citation omitted). When ruling on a Rule 12(b)(6) motion, the court accepts all well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Taha*, 947 F.3d at 469.

Additionally, because DWM's claims are based on allegations of consumer fraud in violation of Section 43 of the Lanham Act and the IUDTPA, the heightened pleading standard required by Rule 9(b) applies. *See* Fed. R. Civ. P. 9(b). Although the Seventh Circuit has only suggested in dicta that Rule 9(b) applies to Lanham Act violations, *see Gensler* v. *Strabala*, 764 F.3d 735, 737 (7th Cir. 2014),[4] district courts consistently hold that Rule 9(b) applies to false advertising claims under the Lanham Act and IUDTPA claims sounding in fraud. *See Catilina Nominees Proprietary Ltd.* v. *Stericycle, Inc.*, No. 15-CV-10734, 2021 WL 1165087, at *2 (N.D. Ill. Mar. 26, 2021) (recognizing "whether a Lanham Act false advertising claim 'must be pled in accordance with Rule 9(b) is not settled within the Seventh Circuit,'" but nonetheless applying Rule 9(b) to the Lanham Act false advertising claim there because "[s]uch a claim is plainly premised on a course of fraudulent conduct") (internal citation omitted); *Medscript Pharmacy,*

---

[4] In *Gensler*, the Seventh Circuit noted that a deceptive advertising claim under Section 43 of the Lanham Act is a charge of "a form of fraud," and thus the court "would expect [the] complaint to allege with particularity the nature of the grievance." 764 F.3d at 737.

4

*LLC* v. *My Script*, *LLC*, 77 F. Supp. 3d 788, 793 (N.D. Ill. 2015) (claims sounding in fraud brought under the Lanham Act and IUDTPA are subject to the heightened pleading standard).

Accordingly, the plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In essence, Rule 9(b) requires the plaintiff to plead "the who, what, when, where, and how of the alleged fraud" and provide "precision and some measure of substantiation." *Menzies* v. *Seyfarth Shaw LLP*, 943 F.3d 328, 338 (7th Cir. 2019) (internal citations and quotations omitted). Nevertheless, because "Rule 9 is to be read in conjunction with Rule 8 … a plaintiff is required to plead only slightly more than is demanded under ordinary notice pleading." *Platinumtel Commc'ns, LLC* v. *Zefcom, LLC*, No. 08-CV-1062, 2008 WL 5423606, at *2 (N.D. Ill. Dec. 30, 2008) (citation omitted).

## ANALYSIS

DWM brings two claims in this lawsuit premised on the same set of facts: a false advertising claim under Section 43 of the Lanham Act and a deceptive trade practices claim under the IUDTPA.[5] The parties agree that "[w]here a plaintiff's factual allegations under the Illinois Uniform Deceptive Trade Practices Act also form the basis for plaintiff's claim under the Lanham Act, the legal inquiry is the same under both statutes." *SB Designs* v. *Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 914 (N.D. Ill. 2004).

The Lanham Act "prohibits the use of any false or misleading description or representation of fact in commercial advertising that 'misrepresents the nature, characteristics, qualities, or geographic origin of' goods and services." *Catilina Nominees*, No. 15-CV-10734,

---

[5] Under the relevant sections of the IUDTPA, "(a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person: (1) passes off goods or services as those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another." 815 ILCS 510/2(a) (1)-(3).

5

2021 WL 1165087, at *4 (quoting 15 U.S.C. § 1125(a)(1)(B)). To state such a claim under the Lanham Act, a plaintiff must allege that "(1) the defendant made a material false statement of fact in a commercial advertisement; (2) the false statement actually deceived or had the tendency to deceive a substantial segment of its audience; and (3) the plaintiff has been or is likely to be injured as a result of the false statement."[6] *Eli Lilly & Co.* v. *Arla Foods, Inc.*, 893 F.3d 375, 381-82 (7th Cir. 2018). Only the first element is contested in this case. A plaintiff can allege either that a defendant's statement is "literally false" or is "literally true but misleading." *Id.* at 382. Central to DWM's case is its position that Cristaux has made false or misleading statements on its website that take credit for work completed by DWM in the past. Cristaux argues that DWM has not met its burden under Rule 9(b).

The court finds that DWM has alleged with sufficient particularly that Cristaux violated the Lanham Act by making false statements about its work on the modified CES Exhibitor Award. To sufficiently allege a false or misleading statement of fact, a plaintiff must establish "what the statement says and why it is false." *See Toddy Gear, Inc.* v. *Navarre Corp.*, No. 13 CV 8703, 2014 WL 4271631, at *3 (N.D. Ill. Aug. 26, 2014) (citing *Gensler*, 764 F.3d at 737). Here, DWM has done both.

In *Toddy Gear*, the plaintiff, a manufacturer of a microfiber cloths, claimed that specific statements made by the defendant, another company in the same industry, were false. 2014 WL 4271631, at *3. Among these statements included the defendant's assertion that the version of

---

[6] Cristaux does not contest the sufficiency of DWM's allegations in support of the second and third elements of its Lanham Act claim. DWM alleges Cristaux's statements were "likely to influence a purchasing decision," and DWM "has been or is likely to be damaged as a result of the false statement by either direct diversion of sales" or loss of goodwill. (Dkt. 22 ¶¶ 64-65). In support, DWM states that at least one of its customers hired Cristaux instead of DWM after relying upon Cristaux's false and misleading representations. (*Id.* ¶ 24.) As such, the court examines only whether plaintiff has stated a claim as to the first element.

the product it distributes, was "designed and produced by Cleer Gear in the United States." *Id.* The plaintiff went on to explain *why* the statements were false: because the defendant actually imported its product from China. *Id.* As such, the court found that the plaintiff met its burden under 9(b) to state claims under both the Lanham Act and the IUDTPA. Here, DWM alleged *what* Cristaux's false statement is: namely, that it had done work on the modified CES Exhibitor Award. Particularly, DWM takes issue with the statement on Cristaux's website, publicly available as of June 2024, in which Cristaux described modifying the CES Exhibitor Award. (*See* Dkt. 22 ¶ 38-39.) DWM further explains *why* this statement is false: CES hired DWM to be the "sole designer and manufacturer" of the modified award and DWM itself "redesigned the award by flattening one side of the award to allow for easier laser etching and engraving of personalized information for the award recipient." (Dkt. 22 ¶¶ 38-45.) DWM also published this information on its own website. DWM characterizes Cristaux's claim to the contrary as "patently false." (*Id.* ¶ 41.)

In arguing that its statements regarding the CES Exhibitor Award are not false or misleading, Cristaux is inviting the court to address the truth of DWM's allegations on the merits. At this stage of the litigation, such a determination would be premature. Whether or not Cristaux actually worked on the modified CES Exhibitor Award is a factual question that requires discovery. *See Dunbar* v. *Kohn Law Firm, S.C.*, 896 F.3d 762, 765 (7th Cir. 2018) (dismissal based on the pleadings is not proper when the relevant inquiry pertains to the facts at issue); *see also Hefferman* v. *Bass*, 467 F.3d 596, 601 (7th Cir. 2006) (reminding that "Rule 9(b) does not require a plaintiff to demonstrate that a representation was indeed false.").

Cristaux contends that DWM did not identify exactly which part of Cristaux's description of its work on the CES Exhibitor Award is false. The court is not persuaded by this argument.

While the court agrees with Cristaux that DWM's Verified Second Amended Complaint is not always clear, a plaintiff's pleading under Fed. R. Civ. P. Rule 9(b) "does not require extreme specificity." *My Script*, 77 F. Supp. 3d at 793. Plaintiff pleaded its position that Cristaux never did any work on the modified CES Exhibitor award. (*See* Dkt. 22 ¶ 47.) The court finds this to be sufficient. Cristaux also argues that it never claimed having designed the original CES Exhibitor Award on its website. (*See*, *e.g.*, dkt. 24 at 6) ("Nothing in the language quoted by Plaintiff states that Cristaux was the original designer or manufacturer of the CES Exhibitor Award"). In arguing as much, Cristaux is misinterpreting DWM's allegation. DWM's position is that Cristaux never performed any work on the *modified* CES Exhibitor Award. (*See* Dkt. 22 ¶ 41.) Thus, DWM maintains Cristaux's statement is false and misleading.

Finally, Cristaux concedes that its "suggestion" of refining and modernizing the CES Exhibitor Award on its website is "mere puffery" such that the statement does not give rise to claims under the Lanham Act or IUDTPA. (Dkt. 33 at 4). Because Cristaux makes this argument for the first time in reply, the court will not consider it. *See*, *e.g.*, *Wright* v. *United States*, 139 F.3d 551, 553 (7th Cir. 1998) (arguments raised for the first time in a reply brief are waived because "a reply brief containing new theories deprives the respondent of an opportunity to brief those new issues").

The court finds that DWM has sufficiently stated a Lanham Act claim under Rule 9(b) with respect to its allegations pertaining to the CES Exhibitor Award. Therefore, DWM's IUDTPA claim also survives defendant's motion to dismiss. *See Toddy Gear*, 2014 WL 4271631, at *4 (denying dismissal of plaintiff's IUDTPA claim because Plaintiff satisfied Rule 9(b)'s pleading standard for its Lanham Act claim).

**CONCLUSION AND ORDER**

For the reasons stated above, Cristaux's motion to dismiss Counts I and II of the Verified Second Amended Complaint (dkt. 22) is denied. A scheduling conference will be held on December 11, 2024, at 9:30 a.m. in person in courtroom 2201.

Date: December 5, 2024

_____
U.S. District Judge Joan H. Lefkow